Carrie BANKS *v.* Robert (Bob) POLLARD, Sr.,
Robert (Bob) POLLARD, Jr.

81-79                                        621 S.W. 2d 851

Supreme Court of Arkansas
Opinion delivered October 12, 1981

44

*Samuel Turner, Jr.,* for appellant.

*Hale, Fogleman & Rogers,* for appellees.

RICHARD B. ADKISSON, Chief Justice. Appellant brought this action for the wrongful death of her son, Joseph A. Banks, alleging that the appellee, Bob Pollard, Jr., was negligent in directing her son to drive a tractor across a county bridge. The trial court granted a directed verdict for the appellee, finding that the appellant had failed to sustain her burden of proving negligence. We affirm.

The correctness of the lower court's action is tested by viewing the evidence in the light most favorable to the appellant-plaintiff. We must give the appellant's evidence its highest probative value, taking into account all reasonable inferences deducible therefrom, and affirm only if the evidence viewed in that light would be so insubstantial as to require a verdict for the appellant to be set aside. *Cowling & Assoc., Inc.* v. *Bd. of Educ. of Clinton School Dist.* #1, 273 Ark. 214 (1981).

The evidence presented showed that on June 11, 1976, the appellee directed his employee, Joseph Banks, to transport a 14,000 lb. tractor to Hughes, Arkansas, by way of Highway 79. In the course of this trip Joseph was killed when the two center spans of a wooden bridge over Fifteen Mile Bayou collapsed. This road was customarily used by all farmers in the area to transport farm equipment. Two days prior to the accident the same tractor and a 16,000 lb. tractor were driven across the bridge and neither driver reported a defect in the bridge. Bob Pollard, Jr. testified that he had personally driven a 23,000 lb. combine across the bridge about six months earlier and that he had recently driven across the bridge several times; he stated that the bridge and road appeared to be in proper condition.

Generally, the law does not place upon an employer the duty of inspection and repair of premises not under the employer's control. *Nelly* v. *Goldberg,* 195 Ark. 790, 114 S.W. 2d 455 (1938). But an employer does owe a duty to exercise reasonable care in providing a safe place to work for

his employee. *Basye* v. *Odom*, 205 Ark. 423, 168 S.W. 2d 1092 (1943). It was necessary for the plaintiff to prove that the employer either knew or by the exercise of ordinary care could have known that the bridge was defective and dangerous. *Sparkman Hardwood Lbr. Co.* v. *McCann*, 190 Ark. 552, 80 S.W. 2d 53 (1935). Here, there was no evidence that the appellee knew or could have known by the exercise of ordinary care that the bridge was defective. To the contrary, the evidence reflects that the appellee had moved equipment the same weight or heavier over the bridge two days prior to the accident and that he had personally viewed the bridge three or four days before and had seen nothing that gave him cause for concern.

Affirmed.